Valentine, J.
We perceive no error in this case. It is claimed by the plaintiffs in error (defendants below) that the court below erroneously allowed the defendant in error to amend the first count of his petition after all the evidence on the trial had been introduced, and just before the argument of the case had been commenced by counsel. The cause of action stated in this count was principally for services alleged to have been rendered by Snead, for the defendants-below, as an attorney and counselor at law, in procuring and collecting a certain claim held by said defendants against the government of the United States. The evidence brought to this court tends tosh ow that soon after the employment of the plaintiff below by said defendants the plaintiff went to Washington for the purpose of collecting said claim, but when he arrived there he found that the claim-had already been allowed by the government, but that it had not yet *348 ■been paid, and that the warrant on the treasury of the United States for the amount of the claim had already been issued and was in the bands of one Robert McBratney, wbo refused to deliver it up either to the claimants or to their attorney, said Snead. The defendant John J. Prater then went to Washington, and the plaintiff and said Prater acted in concert in endeavoring to obtain said treasury warrant from said McBratney. They even went so far as to institute judicial proceedings against McBratney. They finally ob*tained possession of the warrant, and Prater drew the money thereon that it called for from the United States. The defendants partially paid the plaintiff for bis said services, and said first count of his petition was drawn for the purpose of recovering .from the defendants the balance due for said services. The amendment of which said defendants complain was made by striking out the words “United States government” in one place where they oc■curred in said count, and by inserting the words “Robert McBratney” in their stead. Said count did not with much formality, precision, ■or clearness, either with or without said amendment, state the plaintiff’s cause of action; but as no motion was made to require any more definite statement thereof, we think said count was sufficient. Said count sufficiently and truly stated a cause of action, either with or without said amendment. In the light of the facts stated in said ■count, and the facts proved, the amendment was almost wholly im-. material. The cause of action was for professional services in collecting a certain claim from the government. The obtaining of the evidence of said claim from McBratney was only incidental to the collection of the claim from the government. It will certainly not be contended that said amendment changed substantially the plaintiff’s cause of action. The cause of action was the same after the amendment as before. Ball v. Claflin, 5 Pick. 303; Swan v. Nesmith, 7 Pick. 222; Stevenson v. Mudgett, 10 N. H. 338; Cabarga v. Seeger, 17 Pa. St. 514, 518. The amendment only changed one of the facts which entered in as a part of the description of the plaintiff’s cause of action. That the court had the power to allow said amendment, we suppose will not be questioned. Code, §§ 133, 134, 139; Stevens v. Perrier, ante, *297. The only question is whether the court abused its discretion by allowing said amendment at the time it so allowed .it. No abuse of judicial discretion being shown, we cannot say that there was any error.
The plaintiffs.in error claim that the court below erred in giving certain instructions orally to the jury after having *been requested by plaintiffs in error to instruct the jury in writing. It appears from the record that the court originally gave all its instructions upon the law of the case in writing to the jury. And at the re■quest of the defendants the court also instructed the jury in writing to make certain special findings. After these instructions in writing ' were given, the jury retired from the court-room to consider of their *349 verdict. Afterwards they returned into court. The said special findings were not signed. The record states that the court then “proceeded to say to the jury as follows: That there was no verdict until the same was signed; that it was their duty to have their foreman sign both the special and general verdicts; and that they would again return to their jury-room, and when they had found their verdicts to sign them; and thereupon the foreman asked if they had to answer the questions as in the special findings by ‘yes ’ or ‘no,’ and further-said they did not seem to understand the first question. The court told the jury they were not obliged to answer the questions ‘yes ’ or ‘ no,’ but that they could use their own language, and then read the question as put in the first special finding as it was written, and thereupon the foreman then said he then understood the question, and said they were again ready to retire, and so they again did retire, under their bailiff as before.” This conversation between the court and the jury was oral, and not in writing as the plaintiffs in error claim that it should have been. It will be seen that the court did not by this conversation instruct the jury upon the law of the case. Nothing was said with regard to the merits of the case. The conversation at most was only an instruction to the jury to make said special findings, and to sign the same. There was clearly no error in this.
The record does not show affirmatively that all the evidence or all the instructions have been brought to this court. But if we should assume that the record does contain all the evidence, and all the instructions, still we would be inclined to think that it would not eyen then show affirmatively the commission of any error by the court below of sufficient magnitude to require a reversal of the judgment. The judgment of the court below is affirmed.
(All the justices concurring.)